Good morning, everyone. Judges Porter and Fisher and I are happy to have everyone live in court today. It's nice to see you all. We have two cases on the calendar for this morning. The first case is Trustees of the General Assembly v. Patterson, appellate number 21-1662. Good morning, Your Honor. May I remove my mask? May it please the Court, my name is Kevin Kent from Conrad O'Brien, P.C. and I represent the appellant, Anthonee Patterson, in this matter. I respectfully request three minutes for rebuttal, if that pleases the Court. Your Honors, this is a case that implicates core principles of federal jurisdiction and the Full Faith and Credit Act. What the District Court did in this case turned those principles upside down. For purposes of this argument, I'm going to focus on three issues, time permitting. The first two involve federal jurisdiction and Rooker-Feldman and are most important. One, the District Courts are in addressing the merits, namely issue of preclusion, before addressing subject matter jurisdiction. Two, the most important qualitative difference between this case and those cited by the appellees on Rooker-Feldman for their proposition that they were, quote, not parties, end quote, to the State Court, excuse me, to the State Court matter. And that is that none of those cases involve the procedural fact of a judgment that was actually entered by the State Court against the plaintiffs who later bring suit in federal court. And that's a critical fact in this matter. Third, time permitting, if this court nevertheless determines that it does have jurisdiction over this matter, there is clearly privity between Kenneth Shelton and the corporation for which he serves as the top official. Can we start with the second issue, the Rooker-Feldman party issue, if you don't mind? Certainly, Your Honor. When you look at the voluminous record that we have in this case with all of the various litigations, there are certain events that occurred, certain findings that have happened that suggest, could suggest, and may support the district court's conclusion, that the church and the corporation were not parties. And I just want to give you just two or three examples. Yes, Your Honor. One is the State Court denied the courts and the church's limited request to enter the case in a limited way. They denied the limited appearance. So there was an effort by the entity to come in. The State Court precluded. Another example of a court action is where Mr. Patterson objected to discovery responses because they were signed by someone other than a party, meaning not Mr. Shelton. The court did not grant sanctions but said get the party to sign. So that's another court action saying who's the party. The third is in the Glass-Ratner case. There's an observation by a court saying the church and the corporation are not parties. And then the fourth, and again, I'm only focusing on court activity, the 2017 opinion of the Commonwealth Court said the only people who are parties bound to be arbitration are Patterson and Shelton. In the face of those judicial statements and actions, how can we say that they were parties? A couple of responses, Your Honor. First of all, the October 2006 judgment actually names that as a party. Okay, but that's the precipate that gets drafted by a lawyer that's presented to the prothonotary and has to be accepted, correct? Correct. And it's later confirmed. Is that when the precipate was filed?  The October 2006 judgment, I believe, is the second time a precipate was filed and judgment was entered on against the church and the corporation as part. So just coming back, Your Honor, to your questions. October 2006. October 2006, correct. October 12th, precipate-entered judgment on the arbitration award. Correct, Your Honor. But that's a document filed by Patterson. It is a document. It does not require any response of pleading. And isn't that merely a technical error? No, it's not a technical error. And even if it was, to come back to your question, Judge Fischer, and Judge Schwartz's, the remedy for that is with the state courts. This is a situation where certainly the corporation would be what? The remedy would be a petition to strike it off or an appeal from the denial of an entry of a limited appearance to file preliminary objections. That wasn't an appeal. Okay, based on that record at that time, okay? Yes, Your Honor. Based on that record at that time, if a petition had been filed to set aside the judgment against the church and the corporation, would have your clients had a defense to that petition at that point? Yes, and it would be the same issues that were raised up and down in the state courts. So you think you would have had a bona fide defense? Yes. And our whole point is that would have had to be raised in the state court, and, in fact, it was. Not as a defense, but it was raised by, in our opinion, the church and the corporation through Kenneth Shelton, who made repeated attempts to have the judgment set aside on the basis that it violated the church's and the corporation's due process rights. So he was saying this on behalf of the church and the corporation. And I hope I answered Your Honor's question. I want to make sure. You did. You answered at least my question. Let me ask it this way. Yes, Your Honor. The Pennsylvania Judicial Code defines a party as a, quote, person who commences or against whom relief is sought in a matter. So in the arbitration, the only person asserting a claim was Patterson, right? And the only one defending against that claim was Shelton in the arbitration. I disagree with the second point, Your Honor. Well, who was named as the defendant in the arbitration? The defendant in the arbitration was Kenneth Shelton. That's right. In his personal and official capacity. Okay. And let me continue my question. Yes. And the Pennsylvania Supreme Court has said there's but one way to be made a party or litigant in a court, and that's to become one by appearing in the proceedings. Did the corporation and the church appear in the arbitration proceedings? Absolutely. They filed and litigated counterclaims in the arbitration proceedings. The arbitrator recognizes that. The arbitrator entered an award in their favor, in the corporation's favor, in the arbitration proceedings, and that award was upheld through multiple challenges through the Pennsylvania courts. And I'm not going to go through and name every one of them, Your Honor, but that is what was upheld, and that arbitration award was entered as an order and as part of the judgment. So did those entities enter an appearance in order to assert those counterclaims? I don't know how they could assert a counterclaim when the only defendant in the arbitration in the first instance was Shelton. Well, they asserted counterclaims in trial court. That matter went to arbitration. They then litigated the counterclaims in the arbitration, and if you look at the arbitration award itself, the arbitrator talks about evidence put on in support of those counterclaims. But there are judicial opinions that are saying the only parties to the arbitration were the two individuals, not Mr. Shelton in any kind of official capacity. In fact, an effort to amend the caption was denied to try to say he was acting as the corporation or something to that effect. So I'm not sure where the record evidence is that tells us there is a recognition that they were parties as recognized by the rules as Judge Porter just described. It's in the arbitration award that was entered as a judgment itself by the Pennsylvania courts. Are you going back to Judge Porter's October 2006 question? Yes, and I'm also going to the Commonwealth Court opinions confirming that award as one of the judgments that was remaining in the case. But those awards have all been vacated, correct? No. Not the arbitration award. I'm talking about the opinions that other than the one, the trial court one, that confirmed the arbitration award, all the others were vacated in 2017, yes? I'm referring, Your Honor, and I apologize if I wasn't clear. I am referring to the opinions of the Commonwealth Court in November 29th of 2017. In January of 2018, and in April of 2019. Is there language in the 2017 opinion that says the arbitration award was between Shelton and Patterson? There's language in the opinion that says that the judgment, which is entered against the church and the corporation, is the last valid judgment in the case. I thought it was the confirmation award, not the judgment, but the order granting confirmation was the last valid judgment. Last valid court order. My understanding, you tell me if I'm wrong, the 2017 opinion I understood to be saying the only non-void, meaning valid, adjudications are the arbitration award and the order confirming arbitration. That is my understanding of what's left as valid. And I apologize, Your Honor. There is a December 22nd, 2017, Commonwealth Court order at JA759 on a request for clarification, which also clarifies that the last valid judgments in the case include the July 10th, 2006, and July 20th, 2006, Court of Common Pleas orders confirming the arbitration awards. Including. Once again, the July 6th, you said? Yes, July 10th and July 20th, 2006, confirming the arbitration awards, which include the awards in favor of the corporation against my client. Where do you, once again, including, you keep saying including awards against the corporation. What piece of paper reflects an award to the corporation? The arbitration decisions themselves were entered as awards in the Court of Common Pleas. They were entered as orders. So they are included in the court orders. And I would add to that, Your Honor, the April 17th, 2007, Court of Common Pleas entering the final adjudication and decree, I believe that's a joint appendix 652 at SEC. And then those are my answers to that question, Your Honor. I could add more, but those are the main ones. Mr. Kent, if you can't make it on your argument that your client, that the church and the corporation are actual parties, can we hear a little bit about how they become parties through privity? Yes, Your Honor. I do think, and just on that point, this is really critical because I don't think the trial court, the district court here had jurisdiction to get to the privity issue. But even if you decide that I'm wrong about that on this opinion. That's what I said. And I'll turn. Then if you look at the district court's opinion, and the district court says it's admittedly a close call, it's not. Privity is clear. Just look at the undisputed facts that the district court lays out on page 56 of its opinion. That's at joint appendix 60. Those facts alone show privity. I just, and I want to point this out. I know I'm out of time. I'll make this my. I'd like to answer Judge Fischer's question. Go ahead. Yes. It goes to Judge Fischer's question. The district court ignores the procedural fact that Shelton didn't just make claims on behalf of the corporation in the lawsuit. The district court avoids that by saying he wasn't aware of it. But he also raised arguments on the corporation's behalf in trying to get the arbitration decision overturned. And I'll just leave you with this question. If the corporation is paying for him to make arguments on its behalf, and that's not disputed, his legal fees were paid for by the corporation, to get that arbitration award overturned, then how is that not a privity relationship under any understanding of the concept of privity and agency? I would submit that it is. So in conclusion, Your Honors, this court should vacate the district court's order and dismiss it. So what do we look at? I mean, you know, there's this footnote in Lance that talks about privity. And we have one decision that said that the party in question wasn't a joint tenant. But, you know, do we look at Pennsylvania law to establish what privity is in this case? You do if you find that there's jurisdiction in the first place. Yeah. Yeah. Do we look at Pennsylvania law? Yes, you look at Pennsylvania law. Okay. That's the issue that I have. One of the biggest issues we have with the Commonwealth Court's opinions is it looks at Pennsylvania law on privity to reverse engineer a decision on federal jurisdiction. Right. Judge Schwartz. I have one more question. Of course. Back on Rooker Feldman again. Yes, Your Honor. So not about whether the church and the corporation was a party, but the second element of Rooker Feldman is that the federal plaintiff has to be complaining of injuries caused by the state court judgments. So the Pennsylvania courts have said they don't have and never had subject matter jurisdiction over the Patterson action. The arbitrator had jurisdiction because the parties consented to it. And then the state court confirmed the arbitrator's decision because they didn't have jurisdiction to reconsider it. Why aren't the federal plaintiffs, the church and the corporations, injuries, alleged injuries, caused by the arbitration and not by some state court judgment? Because the plaintiffs, a couple reasons, Your Honor. The plaintiffs in this case in the first paragraph of their complaint are complaining of the judgment in the state court. That judgment is the judgment that incorporated the arbitration award. The judgment confirming the arbitration. Yes. But didn't the state court say we have to do this because we don't have any jurisdiction to reconsider it. All we can do is confirm it. I think that's, Your Honor, honestly, I think that's an unremarkable proposition in this sense. Parties can agree to arbitrate whatever they'd like to arbitrate. Entering them as an order pursuant to typical principles of honoring arbitration, I think is unremarkable and totally appropriate. I'm not sure if I'm answering Your Honor's question. To the extent they have an injury, it seems to me that injury flows from the arbitrator's findings. The arbitrator's findings were entered as an award. That award is the premise of the plaintiff's complaint in the district court. That is the injury they complain of. I frankly think this is the quintessential Rooker-Feldman issue. I understand that the doctrine is narrow, but this case falls squarely within it. I mean, the judgment complained of are the orders of the trial court entering the arbitration decision. So hopefully I answered your question. Yeah, you did. Thank you. Thank you. Good morning. May it please the court, my name is Michael Twersky. I'm here with my colleague Beth Weiser from Fox Rothschild on behalf of the appellee plaintiffs, the church, and the church corporation. Mr. Kent was asked about some commonwealth court decisions. Every one of those decisions post-2017 talk about a judgment against Bishop Shelton. They don't talk about a judgment against the church or the church corporation. All of those cases, it's never been decided whether there is a judgment against the church or the church corporation and whether they were parties. The only court that decided that they were parties was the district court here. So you don't think any of the, you heard me recite some court judicial action that discussed who were parties? You don't think by implication there's a decision they're not, including the denial of being able to have a limited appearance to challenge the arbitration work? It wasn't just the denial of a limited appearance, Judge Schwartz. It was also the denial of our preliminary objections to the writ of revival. It was also. Well, of course, because you have to get in so you can make those objections. I understand that. But you just said that there's been no court that has made an adjudication about party status. Correct. So you're saying that those judicial acts are not tantamount to a decision of who a party is? Pardon me. I misspoke. I meant that no court had decided that the church and the church corporation were parties to the Patterson action. I think what the courts have decided is that the church and the church corporation are not parties. We were told that by Judge Deitch. We were told that when we filed a response to the writ of revival. We were told that by the court system itself. So how can we appeal anything or do anything in that case when we're not parties and when we've tried to, those filings are rejected? When I came through the metal detectors this morning, I was struck. Right when you get through the metal detectors, there's a quote by Justice Holmes, and it said, due process involves a fair trial and the opportunity to be heard. We were denied both of those things. I mean, I guess it was just kismet that I happened to look and see that. But that's what this case is about. Let me take you back to that October 12, 2006, precipice that was filed. Yes, Your Honor. And whether there was a foundation or not to sufficient foundation to precipitate for judgment against the corporation and the church, it was filed. And it was not set aside at that time. And it appears as a state court judgment. And we're looking at what has happened in the state court. How do you get around that? What Lance and the other Supreme Court cases tell us, so Lance, ExxonMobil, DeGrande, is that, and I want to get the language just right here, Your Honor. Quote, we have held Rooker Feldman inapplicable where the party against whom the doctor is invoked was not a party to the underlying state court proceeding. But I think what Judge Fischer is asking, if I'm wrong, I'm sure he'll correct me, is out there is a piece of paper that said the judgment was to go against the clients and nobody acted on it. It's not set aside. There is a piece of paper that was fraudulently entered by Mr. Patterson. Now, you added the word fraudulent. Yes, Your Honor. Okay. And that might be so, but it was not set aside. And don't we have to take what the state court gives us? If we're talking about Rooker Feldman, the answer is no, Your Honor. Okay. And I'll explain why. The first thing that this court's Rooker Feldman test requires is that the federal court plaintiff be the state court loser. I'm going to use a sports analogy here. It just works for me, and I apologize if it doesn't work for the court. In order to be a loser, or a winner for that matter, you have to have played the game. You have to have been invited to play the game. And in Pennsylvania, there are rules setting forth how you become invited to play the game. We were never invited to play the game. But there was no action to strike the document. And so, as Judge Fischer is alluding to, is we're stuck with what a record shows, and a record shows a document accepted by the pro-monetary that entered judgment against the parties and against your clients. And that's a piece of paper set. And to use your example, if you didn't get the invitation to show up for the game, and you didn't show up for the game, but the league decided that you lost the game because you didn't show up, and in the record book it said that you lost, somebody looking at the record would say, there's a loss. Well, the district court is required under Lance, this court's precedent, to determine the very first question, were we parties? The fact that there's a, I apologize, Judge Fischer. Is being named in a judgment sufficient to make one a party to a case? It is not, Your Honor. It is not sufficient under the Supreme Court's holdings in, the Supreme Court's cases in Machete. If you and I suit each other, and I won, got a judgment against you, and then when I went to the pro-monetary, I added my law clerk to that judgment, and the law clerk either didn't know or did know and didn't care. It's like, I wasn't a part of this case. I don't care what that judgment says. Would the law clerk have been a party to the case? No. How could the law clerk be a party to the case when the law clerk didn't know? Because I got a judgment against him. But a judgment doesn't make you a party. And Machete and Hansberry v. Lee and Silver Springs case tells you how you become a party. And Pennsylvania, as Your Honor recited earlier, Pennsylvania explains how you become a party. When you look at the Patterson action complaint, it discusses who the parties are. It calls Kenneth and Eric Shelton the defendants. It never describes the church or the corporation in any party capacity ever. So what we're left with is the district court having to determine in the first instance, were you a party? Now, I will submit to the court, we've found no case that looks like this case. Most of the cases under Rooker-Feldman deal with privity. But that doesn't mean that the district court doesn't have an obligation to determine if, for Rooker-Feldman purposes, the federal plaintiffs were state court parties. And under the Pennsylvania rules, simply having a judgment, especially because how Pennsylvania allows judgments to be entered, can make anybody a quote-unquote party under that sort of thinking. And it doesn't make you a party. Did you have a specific rule citation that supports what you just said in the Pennsylvania rules? Well, I would refer to what Judge Porter said about who was a party, but I would also refer to the cases that we cite in our brief for how one becomes a party. I understand that. Do I have a specific rule? I don't off the top of my head, Judge. Okay, if you find one. I will submit it, yes. Hopefully my colleague has noted that, and we will get that for you. For the record, there is noting going on. Also, Judge Porter, if you're going to name people as parties, they should have some means. A judgment-proof person is not really helpful. So you're protected, Rockwell. Good point.  Sure. Wouldn't common sense say the individual by operation of the bylaws for this corporation and the church, who has full authority to make all kinds of decisions, wouldn't common sense say that they are in privity? Do they have a privity relationship with the entity they control, like a vice versa kind of thing? Let me address a few things there. In the appellant's brief, they use the word Supreme Leader, the phrase Supreme Leader. That appears nowhere in our bylaws. In fact, I take exception with it because Supreme Leader, as I understand Supreme Leader, it's used to refer to King Jong-un in present day. The Bishop, Bishop Shelton, has absolute authority over spiritual matters. But the bylaws provide that in secular matters, it's the Board of Trustees. And because each one has one vote, he couldn't act on his own. One trustee, one vote. The Bishop's vote is no more important than any of the other five trustees, one of whom is no longer a trustee but was at the time, served as an arbitrator. So given the allegations against Bishop Shelton, we couldn't have been in privity. The Nationwide case, the Greenway case, talks about procedural safeguards that might, that have to be in place under situations like this. And it got me to thinking, what would those procedural safeguards be? And I think what that really means are sort of the class action procedural safeguards. When you have a representative representing a whole bunch of individuals, there are, you have to have commonality, adequate representation. We didn't have that in our case. In addition, the question of what happened at the arbitration, to your question, Your Honor. The Bishop doesn't hold that kind of power over secular matters. That is, getting involved in litigation, getting involved in arbitration. And when you look at the record, why would the church and the corporation have thought they were at risk at all? Because immediately before 2005, when Shelton and Patterson appear before Judge Lynn in the Court of Common Pleas, Mr. Patterson says, I can't sue the church. And his lawyer says, we're not seeking an accounting from the corporation. And so at that point, and all of the other issues, the reality is, and I'm sure your honors have figured this out, the real issue here is who's going to get to control the church. That's the real issue in all of these cases. And should that cause us to stay our hand under the First Amendment and deference and all of that? That's the real issue? No, I don't think it requires you to stay your hand. So controlling the church or the church's assets? Well, I would urge your honors, and I know you've done your research, but I would urge your honors to look at Mr. Patterson's testimony in the district court and look at the video clips that we provided. There is no mistake about what Mr. Patterson thinks he's entitled to and what he's going to do. We are here representing the church and the church corporation. That is true. But we are here on behalf of the more than 5,000 members of the church who depend on Bishop Shelton to help guide them through their spiritual journey and for their spiritual well-being. Okay, I ask my question again. Should we be at all concerned that we're interfering with the federal equivalent of the deference rule? No, you're not. Tell us why. Just for the record, is crystal clear why this is not going to run into that respectful deference that we owe? We're not asking the court to make any decisions on doctrine or faith or anything. We're asking the court to find that the Roker-Feldman doctrine doesn't apply. And in our complaint, we don't ask for the court to make any determinations. What we say is that enforcing the arbitration agreement, as invalid as it is, enforcing that arbitration agreement will result in a deprivation of First Amendment rights. The state court noted in its 2008 opinion, and we recognize it was reversed for lack of subject matter jurisdiction, but it noted that the arbitrator had exceeded the scope of his authority. Okay, let's not use your time on that. We know that. But you just said don't enforce the arbitration award because it will result in deprivation of First Amendment rights. That's what you just said. Correct. We have state court rulings in this case that say the arbitration award is not something we have to worry about on deference grounds. It was a private agreement that the parties entered to try to resolve their disputes. So hasn't the state court already made a determination that allowing that to stand does not violate the federal equivalent of the deference rule? They're basically the same. I don't believe that's the case, Your Honor. But to get back to that arbitration agreement, arbitration is just a matter of contract. And the court can see who signed the contract. The contract was between Shelton and Patterson. The trustees didn't vote on going to arbitration. You can only be bound by something that you've agreed to in arbitration. They never agreed to this. And the bishop didn't have the authority to bind the Church of the Corporation. And the bishop's lawyer, who we did not call at trial, Mr. Patterson called the bishop's prior counsel, he testified that he didn't represent the Church of the Church Corporation because they weren't in the case. Nobody believed it. So when you look back at that Commonwealth Court opinion, again, it talks about Patterson and Shelton. It never talks about the Church or the Church Corporation. You're talking about the 2017 opinion? The 2017, the 2018, the 2019 opinion. They all talk about that. And getting back to privity, there couldn't have been privity given the allegations here. The allegations against Bishop Shelton were significant. Did the church pay for the bishop's legal costs? Yes. And, again, that happens all the time in for-profit companies. If it later determined that something improper, I see my time is up, Your Honor. Why don't you finish your answer? My colleagues have some questions. That money, in theory, could have been clawed back. But paying defense costs is not a per se, doesn't result in a per se ruling that there's privity. For the reasons that the district court cited, there wasn't privity. Close call or not close call, it was based on facts found by the district court. And those facts are reviewed for clear error. The district court had the opportunity to see the witnesses. Again, like here, we were in person in front of the district court for three days at an injunction hearing. If I could ask Judge Porter, do you have any further questions? Well, the same question I asked your friend. Does the church view its injuries as stemming from the arbitration findings or from the order confirming them, confirming the arbitration award? The complaint here discusses the arbitration adjudications, the writ of possession, the eviction notice. The harm comes from the arbitration decision because it's a but for. But for the arbitration decision, there is no harm. But for the actions of Mr. Patterson, there is no harm here. Because, again, to Judge Fisher's point, there had been this what we will call a fraudulent or erroneous judgment that were put on the record. Nothing happened. It was only when Mr. Patterson sought to do something through his actions that becomes the harm here. I'll note that the judgment against Bishop Shelton remains in place. And the argument that that gives them nothing, well, they've never sought to execute on that judgment. I'm not encouraging them to execute on the judgment, but that's just, you know, it's not our job in the adversary system to correct the errors that they made in the Patterson action complaint. It's just not. Well, what was the remedy you were seeking in the district court? We were seeking an order that the writ of execution can't be executed, that you can't replace Bishop Shelton with Bishop Patterson. Thank you. Oh, I apologize. Judge Fisher? If I could just ask you just a status question. Yes. In the materials, it appears there was a 2020 order granting Shelton's application to stay the execution of the writ of possession in the state court. Is that accurate? I believe it was, but then that was vacated by the district court. I defer, but, yeah, I just, that's what led to the filing of the district court action. That was the sequence, so that's what happened afterwards. So as far as you know, is there still a stay of the execution of the writ of possession? As far as I know, there is not. That's why we filed in district court. There is no stay, so something happened between 2020 and the filing. I believe that stay was lifted upon motion perhaps by the appellant, but it doesn't exist, which is why we filed. Thank you. Thank you, Your Honor. Thank you very much. Thank you very much, Your Honor. Just a few quick points in rebuttal, Your Honor. I'm reading from paragraph one of the verified complaint in the district court. Plaintiffs filed this complaint against defendants to prevent the unconstitutional taking of their church, sanctuary, and other property based on arbitration adjudications and improperly entered judgment. That's what their complaint is about. They're complaining about the judgment. Now, they claim it's fraudulent. It's not for a hundred reasons, but this court doesn't need to reach that. They're complaining about the judgment. Their remedy under the Rooker-Feldman doctrine is to take that up with the state courts, whether it's by appealing a denial of an entry of appearance, other actions in state courts, but this court and the district court do not have jurisdiction to adjudicate those issues. Only the Supreme Court does on appellate review. That's the essence of Rooker-Feldman. I guess without the judgment, the arbitrator's award is meaningless. Is that right? Correct. Yeah. Correct. And I think this case highlights the problem with the appellee's arguments here and the district court's analysis by saying that, well, you have a judgment against Shelton, and I'm not touching that. That's what the district court says. But you can't enforce the judgment against the church and the corporation. Well, this is a case under the Pennsylvania Nonprofit Corporation Law seeking control of assets and records and accounting. That puts the district court in a position of reviewing state court judgments or actually, in this case, nullifying them, because otherwise our client is at risk. Whatever he does vis-a-vis President Shelton of the corporation, my colleagues over here running into court and saying they are in contempt. That is simply untenable under all principles, all of the case law under Rooker-Feldman and principles of comedy and federal jurisdiction. Just to answer Judge Fischer, your question, or to come back to some clarity on it, if you look at Joint Appendix 760, that's an order of the 9th of February, 2018. The Commonwealth, that's an order of Patricia McCullough, and that's the Commonwealth Court rejecting the argument and confirming that it's not just a precipice that was entered in state court.  It was an order. So I would encourage Your Honor to take a look at that JA 760. Well, the precipice entered by counsel, and upon presentation of the precipice, the clerk of courts or the prothonotary will enter the respective order. Correct. And the Commonwealth Court, the state court, upheld that order. Yeah. Okay. Yes. Let's all have a much better understanding. That's how Pennsylvania practitioners from western Pennsylvania understand that. Yes. And I might cite the Rule 2002 of the Pennsylvania Rules of Civil Procedure, which we cite in our brief. It's the real party and interest rule. It makes pretty clear that Kenneth Shelton can represent the interests of the church and did in this case. Do you happen to know procedurally on the 2020 order granting Shelton's application to stay execution of the writ of possession? Did that get vacated? I am fairly certain that, yes, it did get vacated. I'm sorry I had to turn to my colleague. Okay. It is an extensive record. That's what I needed to know. Thank you. All right. Thank you both for your arguments. Thank you. Very helpful. Thank you. And we'll take the matter under advisement.